UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICKEY CALHOUN,

    Plaintiff,

v.

STATE OF WASHINGTON, *et al*,

    Defendants.

Case No. C08-5101RBL/JKA

ORDER REGARDING PENDING MOTIONS

    This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Before the court is defendant's motion for a more definite statement (Dkt # 34). The complaint in this matter is a 46-page long document. Plaintiff's statement of facts sets forth alleged portions of conversation verbatim. Plaintiff fails to allege how any specific action by a defendant denied plaintiff a right secured under the United States Constitution. The court is not indicating the complaint is without merit. The court is, however, stating that a clear statement that sets forth the facts and allegations for each defendant and tying those facts to a specific violation of a right or duty owed the plaintiff is needed.

    In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt

ORDER
Page - 1

v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

Plaintiff's recitation of facts violates Fed. R. Civ. P 8 (a). Fed. R. Civ. P 8 (a) requires a complaint contain three things: a short statement showing the court has jurisdiction, a short plain statement of the claim showing plaintiff is entitled to relief, and a demand for relief.

Defendants filed the current motion for a more definite statement on May 16, 2008 (Dkt # 34). The motion was noted for June 6, 2008. Five days later, on May 21, 2008, plaintiff filed a motion for default (Dkt # 53). On June 6, 2008, despite having a motion for a more definite statement pending, defendants filed an answer (Dkt # 59). On June 12, 2008, plaintiff moved to strike his motion for default (Dkt # 62).

The court has reviewed the complaint and the answer in this action. Neither is sufficient to inform the court, nor the parties, what specific claims plaintiff is attempting to raise, and which facts pertain to which claim.

Defendants motion for a more definite statement is **GRANTED.** Plaintiff is hereby Ordered to file an amended complaint curing the defects in his original filing by **July 25, 2008.**

**Defendants answer, and plaintiff's motion for default, will not be considered. Plaintiff's motion to strike his own motion for default is GRANTED.**

The Clerk is directed to send a copy of this Order to plaintiff and counsel for defendants and remove docket numbers 34, 53, and 62 from the court's calendar.

DATED this 16 day of June, 2008.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge