1

2

3

4

5

6

7

8

9

10

11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

12

13

14

15

16

17

RICKEY CALHOUN,

                Plaintiff,

      v.

DR. HENRY RICHARDS *et* al.,

                Defendants.

CASE NO.  C08-5101RBL/JRC

ORDER ON PENDING
MOTIONS

18

19

20

21

22

23

24

25

26

      This 42 U.S.C. § 1983 action has been referred to the undersigned Magistrate Judge

pursuant to 28 U.S.C. §§ 636 (b) (1) (A) and 636 (b) (1) (B) and Local Magistrates Judges' Rules

MJR 1, MJR 3, and MJR 4.  The matter is before the Court because of a number of recently filed

motions.  The motions include a request from the plaintiff that the court re-open discovery (Dkt.

# 103).  Defendant's response to that motion asks that discovery remain closed until there is a

ruling on the affirmative defense of qualified immunity (Dkt # 104).  There is no motion for a

ruling on qualified immunity before the Court.  Plaintiff filed an allegedly late reply and asks for

sanctions (Dkt # 110).  Plaintiff's reply contains personal attacks on both the defendants and

ORDER - 1

1 counsel. Defendants then filed a surreply (Dkt. # 107). The only time a surreply is allowed

2 under the Local Rules is when a reply contains improper material. <u>See</u>, Local Rule 7 (g). The

3 surreply asks that plaintiff's reply be stricken because it was allegedly late and because of the

4 personal attacks it contains. The Plaintiff's pleadings also contain references to documents that

5 are not allowed under the Rules. Before discussing the merits of the motions, the Court will

6 address these documents.

7

8     A.    <u>Filing Exhibits (Dkt. # 106)</u>.

9     Plaintiff attempts to file 37 pages of documents as "exhibits." Plaintiff did not file a

10 motion or ask for leave of Court (Dkt. # 106). The documents will not be considered. Exhibits

11 are only considered on certain motions if they have been properly authenticated and submitted by

12 the parties. In order for the Court to rule on the admissibility of evidence, the Court must have a

13 proper context for consideration of each exhibit. In other words, the Court needs to understand

14 the reason why the documents are filed and the documents must meet certain minimum

15 requirements of authenticity and admissibility. This enables the Court to determine issues such

16 as relevance or whether the document contains hearsay. Plaintiff failed to provide context for

17 any of the documents, nor were these documents properly authenticated. The Court cannot

18 accept a filing of this nature and the exhibits are stricken.

19     This is not the first improper filing made by plaintiff in this action. Plaintiff has filed

20 copies of letters alleging harassment, (Dkt # 12), copies of correspondence, (Dkt # 13, 68), and a

21 "list of possible witnesses" (Dkt # 80). These documents are similarly without context or

22 authentication and are stricken.

23

24

25

26

ORDER - 2

1          B.          Motion to re-open discovery.

2          The Court has reviewed the procedural history of this case.  This action was originally

3     filed in February of 2008 (Dkt # 1).  Defendants filed a motion for a more definite statement

4     (Dkt # 53).  Plaintiff filed a motion for default (Dkt # 53).  Defendants filed an answer to the

5     complaint, even though a motion for a more definite statement was pending.

6          On June 16, 2008, the Court granted the motion for a more definite statement (Dkt # 63).

7     An amended complaint was filed in July of 2008 (Dkt # 66).  Defendants then moved to strike or

8     quash the amended complaint (Dkt # 67).  On September 10, 2008, the Court recommended that

9     the District Court deny defendants' motion (Dkt # 71).  Defendants did not wait for a ruling on

10    the Report and Recommendation and instead, on September 26, 2008, filed a motion to dismiss

11    (Dkt # 72).

12         When the District Court Judge adopted the Report and Recommendation, the defendants

13    were given ten days to file an answer (Dkt # 74).  Defendants then filed an answer even though a

14    motion to dismiss was pending.  See, Fed. R. Civ. P. 12 (a) (4) (A).  Defendants re-noted and

15    then withdrew their motion to dismiss (Dkt. # 77 and 78).

16         Given that an answer had been filed, and the motion to dismiss had been withdrawn, the

17    Court entered a Scheduling Order (Dkt # 79).  In December of 2008, defendants filed a motion

18    for judgment on the pleadings and a motion to stay discovery (Dkt # 81and 84).  Defendants also

19    filed a motion to vacate the scheduling order (Dkt # 91).

20         The motion to stay discovery was granted on January 14, 2009 (Dkt. # 92).  The motion

21    for judgment on the pleadings resulted in a Report and Recommendation being issued on January

22    28, 2009 (Dkt # 94).  The motion to vacate the scheduling order was granted in part and denied

23    in part on February 3, 2009 (Dkt # 95).  In that order, the Court ruled that either party could

ORDER - 3

move to re-open discovery once a final ruling on the motion for judgment on the pleadings was entered. The Report and Recommendation was adopted March 12, 2009 (Dkt # 102).

In compliance with the Court's order concerning the scheduling order, plaintiff has moved to re-open discovery (Dkt # 103). Defendants oppose the motion on the grounds of qualified immunity (Dkt # 104). Even though the affirmative defense has now been raised, there is no motion to dismiss or summary judgment motion currently before the Court. Plaintiff filed an allegedly late reply (Dkt # 110), in which he argues that the defendants are "mere" DSHS employees and not government officials. He repeats his claim that the defendants intentionally "abuse their supervisory positions." Further, plaintiff accuses counsel of making frivolous requests and he states counsel has taken rulings personally and is filing vexatious motions (Dkt. # 110).

It is this Court's conclusion that both parties should re-evaluate their positions on discovery and motion practice. Plaintiff's rhetoric and misplaced angst is not appropriate when filing pleadings in this court. There is a difference between advocacy and anger. Advocacy is the bedrock of our system of justice. There is no room for directionless rancor. It serves no legitimate purpose, and will not be considered by the Court. Defendants, unfortunately, have not provided a suitable platform for addressing all the issues before the Court. The issue of qualified immunity is largely irrelevant to the disposition of discovery motions. Plaintiff's motion for discovery will be GRANTED, but the scope of that discovery will be strictly limited to the relevant issues in this case. To ensure this is accomplished, plaintiff's pending discovery requests are void. Plaintiff shall submit new interrogatories or requests for production that are limited to remaining allegations in the complaint. If plaintiff and defendants are unable to agree regarding the proposed scope of these interrogatories and requests, then the Court will consider

ORDER - 4

these objections in a properly filed motion for protective order or motion to compel discovery, and will consider awarding sanctions to whichever party is at fault in failing to follow appropriate discovery guidelines.  In light of plaintiff's apparent animosity toward the parties and their counsel, and without counsel representing the plaintiff, the Court orders that no depositions will be conducted until further order of the Court, based on properly filed motion by the party seeking such deposition(s).

        C.       <u>Stay of discovery</u>.

Given the length of time this action has been pending and the procedural posture of the case, the motion to continue to stay discovery is not well taken.  The issues have been narrowed to claims of retaliation and specific incidents as outlined in the amended complaint.  There are four defendants remaining in the action and Dr. Richards, who is in charge of the facility, is only a defendant for injunctive relief purposes.  The Court will not stay discovery in anticipation that a summary judgment motion raising qualified immunity might be filed at some point in the future.  The motion is DENIED.  This does not prevent defendants from filing such a motion, if one or more of the defendants believe that this is appropriate.

        D.       <u>Sanctions</u>.

Plaintiff asks for Rule 11 sanctions and depicts motions filed by defendants as frivolous. The Court disagrees.  The motion for a more definite statement was granted (Dkt. # 63). The motion to dismiss was withdrawn by defendants (Dkt. # 78).  While the motion to quash the amended complaint was not granted, it was certainly not frivolous given the length and nature of the amended complaint (Dkt. # 66).  The motion for judgment on the pleadings resulted in dismissal of a large number of defendants and claims, thus narrowing the focus of this action (Dkt. # 102).  Sanctions are not warranted and the motion for sanctions is DENIED.

1

        E.      Motion to Strike the Reply.

2       Defendants ask the Court to strike the reply brief because it was three days late and

3  because of the personal attacks on defendants and counsel.  The reply was actually signed by the

4  plaintiff on April 2, 2009, one day before the pleading was due (Dkt. # 110).  If the pleading was

5  given to state government officials for mailing prior to April 3, 2009, the pleading was timely.

6  The Court applies the mailbox rule for incarcerated pro se plaintiffs.  The Court considers a civil

7  detainee incarcerated for purposes of the mail box rule.  This is because the person is not in

8  control of when state government officials send his mail to the Court. Thus the pleading may not

9  have been late.

10      The reply does contain improper personal attacks on defendants and opposing counsel.

11 Such personal attacks cannot be condoned.  While the Court will not strike the entire pleading, it

12 will not consider these personal attacks.  Plaintiff is also warned that the Court will not tolerate

13 any further personal attacks on the defendants or counsel.  Further, inappropriate filings of any

14 type will result in sanctions which may include dismissal of this action.

15      The Clerk's Office is directed to send plaintiff a copy of this order and remove Dkt. #103

16 from the Court's calendar.

17      Dated this 5th day of May, 2009.

18

19

20

21

22      _____
        J. Richard Creatura
23      United States Magistrate Judge

24

25

26

ORDER - 6