1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICKEY CALHOUN,

               Plaintiff,

         v.

DR. HENRY RICHARDS *et* al.,

               Defendants.

CASE NO.  C08-5101RBL/JRC

ORDER

     This 42 U.S.C. § 1983 action has been referred to the undersigned Magistrate Judge

pursuant to 28 U.S.C. §§ 636 (b) (1) (A) and 636 (b) (1) (B) and Local Magistrates Judges' Rules

MJR 1, MJR 3, and MJR 4.

     Three motions have been filed since the court's last order.  These motions are:  (1)

Plaintiff's motion for appointment of counsel, (Dkt # 109); (2) Plaintiff's motion asking that any

summary judgment motion be stayed until he has had a chance to conduct discovery, (Dkt. #

116); and (3) Defendant's motion asking for a continuance as to plaintiff's motion to stay

ORDER - 1

because the motion is noted for a time when counsel has informed the court he is unavailable. The court will also address counsel's April 24, 2009 filings. The three motions are DENIED.

(1)  This is the second time plaintiff has asked for appointment of counsel. See (Dkt. # 4). In his motion today Plaintiff complains of the number of motions to which he is required to respond and of the possibility that he will lose the use of his personal computer because of recent legislation. Plaintiff does not meet the criteria for appointment of counsel. There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the court, under 28 U.S.C. § 1915(e) (1), can request counsel to represent a party, the court may do so only in exceptional circumstances. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984); Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. Wilborn, 789 F.2d at 1331.

Plaintiff has demonstrated an adequate ability to articulate his claims *pro se*. Further, plaintiff has not shown a likelihood of success on the merits. Plaintiff's Motion to Appoint Counsel (Dkt. # 109) is **DENIED**.

(2)  Plaintiff's motion asking for a continuance of any summary judgment motion until he has conducted discovery, (Dkt. # 116), is premature. There is no motion for summary judgment before the court. The motion is **DENIED**.

(3)  Given that the court has denied the plaintiff's motions, defendant's motion asking for a continuance, (Dkt. # 119), is also **DENIED.**

On April 24, 2009, counsel for defendants filed a number of documents asking for judicial notice that plaintiff may have misrepresented his financial situation when seeking *in*

1  *forma pauperis* status (Dkt. # 121 to 125).  Federal Rule of Civil Procedure 7(b) states that a

2  request for a court order should be made by filing a motion.  The request for judicial notice is not

3  the proper manner for bringing this matter to the courts' attention.  The pleadings will remain in

4  the file without further action by the court.

5          The Clerk's Office is directed to send plaintiff a copy of this order and remove Dkt. #

6  (109, 116, and 119) from the Court's calendar.

7          Dated this 6th day of May, 2009.

8

9

10

11  J. Richard Creatura
    United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26