UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICKEY CALHOUN,<br><br>       Plaintiff,<br><br> v.<br><br>DR. HENRY RICHARDS et al.,<br><br>       Defendants. | No. 08-5101RBL/JRC<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**August 7, 2009** |

  This 42 U.S.C. §1983 Civil Rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4.

  This matter comes before the court upon plaintiff's motion for an injunction to force the Special Corrections Center to allow plaintiff's family members to purchase legal supplies for him. (Dkt # 135). Having considered the entire file, including the response, the undersigned recommends the motion be DENIED.

REPORT AND RECOMMENDATION- 1

## FACTS AND PROCEDURAL HISTORY

The remaining claims in this action are claims of retaliation. Plaintiff alleges he was retaliated against for filing grievances and a legal action in state court. The remaining Defendants are: Dr. Henry Richards, who is named in only his official capacity for injunctive relief; Defendant Steven Galbrith, who is named for claims involving a room search, a UA test, and a Behavior Management Report; Defendant Durmont Anderson, who is named for the same room search and for allegedly ordering plaintiff to begin serving a sanction on a BMR before the appeal period had run; and Defendant David O'Connor, who is also named for the room search. All other claims and all other defendants have been dismissed.

Plaintiff filed this motion June 5, 2009. Defendants have responded and argue that for a very brief period of time, plaintiff may have been unable to obtain ink cartridges for his printer, but he was always able to obtain all other office supplies from one of the approved vendors (Dkt. # 141 and 142). Defendants also argue that since June 9, 2009, a new vendor, "Quill", has been added to the list of vendors and that this vendor can supply the ink cartridges. Defendants argue that plaintiff knew the new vendor was being approved prior to his filing this motion and the motion is frivolous. Plaintiff did not file a reply and has not contradicted defendant's assertions.

## DISCUSSION

The reason for injunctive relief is to preserve the status *quo ante litem* pending a determination of the action on the merits. Los Angeles Memorial Coliseum Com'n v. National Football League, 634 F.2d 1197, 1200 (9th Cir. 1980). A party seeking injunctive relief must fulfill one of two standards, the "traditional" or the "alternative." Cassim v. Bowen, 824 F.2d 791, 795 (9th Cir. 1987).

REPORT AND RECOMMENDATION- 2

Under the traditional standard, a court may issue preliminary relief if it finds that: (1) unless relief is granted, the moving party will suffer irreparable injury; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief.  Under the alternative standard, the moving party can meet its burden by demonstrating either: (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor. Id. (citations omitted).

Plaintiff fails to show any irreparable injury.  The response shows he is able to obtain all needed supplies.  Plaintiff has not disputed this fact, which leads the court to assume that it is true.

## CONCLUSION

This court recommends that the motion for injunctive relief be DENIED.  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See also,* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **August 7, 2009,** as noted in the caption.

DATED this 10th day of July, 2009.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION- 3