UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICKEY CALHOUN,

              Plaintiff,

      v.

DR. HENRY RICHARDS *et* al.,

              Defendants.

CASE NO. C08-5101RBL/JRC

ORDER ON PENDING
DISCOVERY

     This 42 U.S.C. § 1983 action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b) (1) (A) and 636 (b) (1) (B) and Local Magistrates Judges' Rules MJR 1, MJR 3, and MJR 4. Before the court is Defendant's motion to compel discovery (Dkt. # 179). Plaintiff has responded (Dkt. # 197).

     The defendants challenge the veracity of plaintiff's *in forma pauperis* application information. Defendants claim that plaintiff has misrepresented his financial ability to pay when he applied for *in forma pauperis* status. Defendants ask the court to order plaintiff to:

     Produce all documents showing income and assets of the marital community of
     Rickey Calhoun and Mary Calhoun, including bank statements, financial and
     investment account statements, salary information, W-2 forms, boat and vehicle

ownership, deeds showing ownership in real property, and any and all other financial information, from August 1, 2007 to the present.

(Dkt. # 179).

Plaintiff objected based in part on a fear of identity theft if this information is made part of a public record. Defense counsel has offered that any sensitive information such as social security numbers could be redacted (Dkt. # 179, page 2).

Discovery is not filed in civil cases, unless it is attached to a motion. Thus, disclosure of information to defense counsel does not make it a matter of public record. Counsel's offer to redact sensitive information, if appropriately handled, provides sufficient protection from plaintiff's concerns. Any identifying information regarding account numbers, social security numbers, passwords and the like, other than Mr. Calhoun's name, should be redacted from any materials filed with the court.

Plaintiff also argues that the discovery is designed to vex and harass him and his wife. He claims that the discovery is not relevant to the proceedings in this case. The court disagrees. Discovery has been strictly limited to the issues remaining in this action (Dkt. # 128). In the May 5, 2009, order the court stated:

> It is this Court's conclusion that both parties should re-evaluate their positions on discovery and motion practice. Plaintiff's rhetoric and misplaced angst is not appropriate when filing pleadings in this court. There is a difference between advocacy and anger. Advocacy is the bedrock of our system of justice. There is no room for directionless rancor. It serves no legitimate purpose, and will not be considered by the Court. Defendants, unfortunately, have not provided a suitable platform for addressing all the issues before the Court. The issue of qualified immunity is largely irrelevant to the disposition of discovery motions. Plaintiff's motion for discovery will be GRANTED, **but the scope of that discovery will be strictly limited to the relevant issues in this case**. To ensure this is accomplished, plaintiff's pending discovery requests are void. Plaintiff shall submit new interrogatories or requests for production that are limited to remaining allegations in the complaint. If plaintiff and defendants are unable to agree regarding the proposed scope of these interrogatories and requests, then the Court will consider these objections in a properly filed motion for protective order

or motion to compel discovery, and will consider awarding sanctions to
whichever party is at fault in failing to follow appropriate discovery guidelines.

(Dkt. # 128)(Emphasis added).

The grant of *in forma pauperis* status to Mr. Calhoun is an issue in this action because pursuant to 28 U.S.C. § 1915 (e) (2) the court "shall dismiss the case at any time if the court determines that the allegation of poverty is untrue."

The motion to compel is **GRANTED IN PART**. Mr. Calhoun will disclose any bank account on which he has signatory authority or the ability to draw funds with his signature. He will likewise disclose any financial or investment account on which he has signatory authority or the ability to draw funds or convert to cash with his signature. He will disclose any compensation he has received during the time period in question.

To the extent the motion to compel seeks information regarding W-2 forms, boat and vehicle ownership, deeds showing ownership in real property the motion is **DENIED**.

Defendants seek Seven Hundred and Fifty Dollars in costs for bringing this motion. The request for costs is DENIED. The Clerk's Office is directed to send plaintiff a copy of this order and remove (Dkt. # 179) from the Court's calendar.

Dated this 2nd day of November, 2009.

J. Richard Creatura
United States Magistrate Judge

ORDER - 3